UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SEMO SERVICES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18 CV 234 SNLJ |
| | ) | |
| BNSF RAILWAY CO., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Plaintiffs bring claims for defamation, injurious falsehood, and tortious interference with business expectancy against defendants BNSF Railway Company and BNSF employee Steve Heidzig. Defendants removed the case to this Court based on diversity of citizenship under 28 U.S.C. §§ 1332 and 1446. Plaintiff has moved to remand (#11).

"Subject matter jurisdiction asserted under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants, meaning 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). No party contests that the amount in controversy here exceeds $75,000. As for diversity of citizenship between the parties, plaintiff and defendant Heidzig are both Missouri citizens. Thus, plaintiffs say, this case must be remanded to state court.

1

Defendants first argue that because defendant BNSF removed the case before defendant Heidzig had been served, that the forum defendant rule does not apply to prevent removal to federal court. Section 1441 states that

> A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly <u>joined and served</u> as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441 (emphasis added). Regardless of the forum defendant rule, however, the Eighth Circuit has long instructed that a court, "in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981). The forum defendant rule does not permit the Court to ignore a defendant's citizenship.

Next, defendants argue that defendant Heidzig has been fraudulently joined to defeat diversity jurisdiction and should be dismissed. Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810 (quoting *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A plaintiff "cannot defeat a defendant's right of removal by joining a defendant who has 'no real connection to the controversy.'" *Herkenhoff*, 2014 WL 3894642 at *2 (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse

defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (citing *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis in original)). However, if there is a "colorable" cause of action against the defendant, "that is, if the state law might impose liability on the resident defendant under the facts alleged" then there is no fraudulent joinder. *Id*.

Plaintiffs contend that Missouri state law would impose liability on resident defendant Heidzig in this case for defamation, injurious falsehood, and tortious interference with business expectancy. Plaintiffs' allegations are as follows: Plaintiff SEMO Services contracted with a third party, R.J. Corman Derailment Services, LLC ("Corman"), to perform emergency work for defendant railroad company BNSF. On August 17, 2017, plaintiff SEMO Services received a letter from BNSF advising that BNSF was going to conduct an investigation into suspected receipt of fraudulent invoices and kickbacks by SEMO Services to BNSF employees. The letter informed SEMO Services that BNSF was suspending all business activity with plaintiff. Plaintiffs allege that BNSF employee defendant Heidzig forwarded the letter or its information by email on August 18 to a group of people, and that approximately 100 people in the railroad industry received or discussed the letter's subject as a result. Further, plaintiffs allege that BNSF's investigation revealed no misconduct, but they claim BNSF refuses to issue an "all-clear" report or otherwise repair plaintiff's reputation. Plaintiffs claim that,

among other injuries, they lost the business of both Corman and nonparty railroad Union Pacific as a result of defendants' misconduct.

BNSF suggests that plaintiffs can state no colorable claim against defendant Heidzig for defamation because they allege no facts that he failed to exercise reasonable care in determining the truth of the statements in his email. The email allegedly published the allegedly false and defamatory statements in the BNSF letter to 100 people, causing injury to defendants. Plaintiffs allege specifically that defendants,

> including…Heidzig, … recklessly and with a conscious disregard of facts well known to them and a conscious disregard for the welfare and reputation of [defendants], sent the August 18, 2017 Heidzig email with its BNSF Letter attachment, and instructed the recipients to "ensure that no field activity is attempted with these vendors" when they knew or should have known…that SEMO did not engage in fraudulent billing.

(#6 at ¶ 77.) Further, plaintiffs allege that the investigation had begun on August 10, 2017, and that it was based on an anonymous tip and had turned up no facts to support the anonymous tip as of the sending of the August 17 letter and the August 18 email. Although the defendants urge the Court to adopt a standard akin to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), no such standard is required when the issue is whether fraudulent joinder has occurred. The Court is satisfied that the complaint states a colorable claim against defendant Heidzig for defamation.

Because plaintiff states a colorable claim against defendant Heidzig for defamation, the Court need not address plaintiff's claims for injurious falsehood and tortious interference. Again, "[j]oinder is fraudulent when there exists no reasonable

among other injuries, they lost the business of both Corman and nonparty railroad Union Pacific as a result of defendants' misconduct.

BNSF suggests that plaintiffs can state no colorable claim against defendant Heidzig for defamation because they allege no facts that he failed to exercise reasonable care in determining the truth of the statements in his email. The email allegedly published the allegedly false and defamatory statements in the BNSF letter to 100 people, causing injury to defendants. Plaintiffs allege specifically that defendants,

> including…Heidzig, … recklessly and with a conscious disregard of facts well known to them and a conscious disregard for the welfare and reputation of [defendants], sent the August 18, 2017 Heidzig email with its BNSF Letter attachment, and instructed the recipients to "ensure that no field activity is attempted with these vendors" when they knew or should have known…that SEMO did not engage in fraudulent billing.

(#6 at ¶ 77.) Further, plaintiffs allege that the investigation had begun on August 10, 2017, and that it was based on an anonymous tip and had turned up no facts to support the anonymous tip as of the sending of the August 17 letter and the August 18 email. Although the defendants urge the Court to adopt a standard akin to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), no such standard is required when the issue is whether fraudulent joinder has occurred. The Court is satisfied that the complaint states a colorable claim against defendant Heidzig for defamation.

Because plaintiff states a colorable claim against defendant Heidzig for defamation, the Court need not address plaintiff's claims for injurious falsehood and tortious interference. Again, "[j]oinder is fraudulent when there exists no reasonable

basis in fact and law supporting a claim against the resident defendants." *Filla*, 336 F.3d at 810. This is not such a case. Defendant Heidzig has not been fraudulently joined, diversity jurisdiction is not present, and thus this matter will be remanded. Plaintiff's request for attorneys' fees is denied.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#11) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court of Stoddard County, Missouri.

IT IS FINALLY ORDERED that plaintiff's request for attorneys' fees is DENIED.

Dated this __1st__ day of March, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE